IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03240-LTB-BNB

TONYA ISENBART,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF KIT CARSON COUNTY, a body corporate and politic,
TOM RIDNOUR, in his individual capacity,
ROBERT FURROW, in his individual capacity, and
WILLIAM KORBELIK, a private citizen,

    Defendants.

---

**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF KIT CARSON COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Defendant Board of County Commissioners of Kit Carson County, ("Defendant BOCC") by and through counsel Cathy Havener Greer and William T. O'Connell, III of Wells, Anderson & Race, LLC submits its Reply in support of its Motion to Dismiss Plaintiff's Amended Complaint and Jury Demand [CM/ECF Docket #19] as follows:

**INTRODUCTION**

In its Motion to Dismiss, the BOCC established that it was not Plaintiff's employer and Plaintiff's adulterous and bigamous relationship with Joe Isenbart does not merit constitutional protection. The BOCC also established that Plaintiff's Amended Complaint and Jury Demand ("Amended Complaint") is strewn with conclusory allegations insufficient to state claims under *Twombly* and *Iqbal*. Plaintiff fails to address a number of the arguments set forth in the BOCC's

Motion to Dismiss. The arguments Plaintiff advances in her Response to the BOCC's Motion to Dismiss [CM/ECF Docket # 25] are implausible and largely contradict the allegations in her Amended Complaint. In sum, Plaintiff fails to offer any cogent reason for denying any portion of the BOCC's Motion to Dismiss. Accordingly, Plaintiff's Amended Complaint against the BOCC should be dismissed in its entirety with prejudice.

## ARGUMENT

**I.    ALL CLAIMS AGAINST THE BOCC SHOULD BE DISMISSED BECAUSE THE BOCC WAS NOT PLAINTIFF'S EMPLOYER**

Plaintiff does not dispute that the county sheriff is a distinct, constitutional office, separate from the BOCC pursuant to Colorado law. See e.g., Colo. Const. art. XIV, §§ 8 and 8.5. Plaintiff also does not dispute that county sheriffs have exclusive control over the hiring and firing of their employees. Indeed, Plaintiff expressly alleges in her Amended Complaint that Sheriff Ridnour and Undersheriff Furrow were the parties responsible for her termination. (Amended Complaint, ¶¶ 34, 36, 38).

In her Response, Plaintiff cites a number of cases in support of her argument that the BOCC is liable under Section 1983 for "Sheriff Ridnour's illegal decision to terminate her." (Response, pp. 3, 4). The cases relied on by Plaintiff involve allegations of alleged constitutional violations resulting from shooting deaths, *Myers v. Bd. of County Comm'rs*, 151 F.3d 1313 (10th Cir. 1998) & *Stump v. Gates*, 777 F. Supp. 808 (D. Colo. 1991), an unlawful arrest and illegal search and seizure, *Cortes v. Black*, 838 F.Supp. 485 (D. Colo. 1993) and a forcible injection of

medication to a pretrial detainee, *Anglin v. City of Aspen*, 552 F.Supp. 2d 1205 (D. Colo. 2008).[1] Each of these cases involves in some respect law enforcement activities conducted by a sheriff or a sheriff's employee. Not a single case cited by Plaintiff in her Response involves allegations of a county sheriff terminating and/or otherwise disciplining one of his employees. Indeed, Plaintiff fails to cite a single case from Colorado which stands for the proposition that a board of county commissioners may be held liable under section 1983 or any other legal theory for the actions of a county sheriff in exercising a personnel decision directed at a sheriff's employee, civilian or otherwise.[2]

In *Jackson v. Johns*, 714 F.Supp. 1126 (D. Colo. 1989), the plaintiff, a former employee of the Logan County Sheriff, sued a number of defendants including the Logan County Sheriff Donald Bollish, the Logan County Attorney Roger Nixt and the Board of County Commissioners of Logan County under Section 1983 and other theories as a result of his employment separation. As relevant to this Motion to Dismiss, the court found that only the county sheriff was statutorily empowered to terminate the employment of the plaintiff and that other county officers and entities, including the Board of County Commissioners, had no authority to act on personnel matters within the Sheriff's Office. *Id*. at 1130. See also, *Tunget v. Bd. of Cnty. Comm'rs,* 992 P.2d 650, 652 (Colo. App. 2000)(holding that county sheriff, rather than the County Board of Commissioners, was liable for the actions of a deputy sheriff because "under both the Colorado Constitution and applicable statutes, sheriffs and boards of county commissioners are treated as

---

[1] *Myers v. Bd. of County Comm'rs*, 151 F.3d 1313 (10th Cir. 1998) is an appeal from the Western District of Oklahoma and involves the Oklahoma County Board of County Commissioners.

[2] Colorado law requires that a county must be named as the board of county commissioners of the county in all proceedings brought against it. See Colo.Rev.Stat. § 30-11-105.

separate public entities having different powers and responsibilities."); *Waldron v. Drury*, 2006 WL 1749391, *12 (D. Colo., Civil Action No. 04-cv-01150-LTB-BNB, June 22, 2006)(relying on *Tunget* and *Bristol v. Bd. of County Comm'rs* and holdings that a claim against a County Board of Commissioners for failure to supervise the County Sheriff is not valid under Colorado law.)

Here, Sheriff Ridnour is no different than the Logan County Sheriff in *Jackson*. Specifically, Sheriff Ridnour is statutorily empowered to terminate Plaintiff's employment as well as the employment of any other sheriff's employee including civilians. Moreover, the BOCC has no authority to act on personnel matters within Sheriff Ridnour's office including Plaintiff's termination. Accordingly, it is clear that the BOCC cannot be held liable for Sheriff Ridnour's decision to terminate her employment.

Although Plaintiff correctly notes that *Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1219-20 (10th Cir. 2002) is an ADA case, the Court's rationale for finding that the BOCC was not the plaintiff's employer is nonetheless persuasive and applicable to this case. The *Bristol* Court noted that the sheriff in the case before it was not setting official policy in firing the plaintiff "except to the extent that requiring employees to be able to perform their jobs can be called a 'policy.'" Here, the Kit Carson County Sheriff was similarly not setting official policy in terminating Plaintiff for repeated failures to perform her job duties in the form of violating the chain of command, violating policy by failing to take a lunch hour, violating policy by trying to have an employee sign a verbal warning, creating a hostile work environment, inappropriately using grant funds and impairing her own ability to function as a Victim Advocate. (Amended Complaint, ¶¶ 31, 34).

In sum, the facts as alleged by Plaintiff, which relate to a personnel decision within the sole discretion of the Sheriff, are starkly different than those set out in the cases cited by Plaintiff at pages 3 and 4 of her Response. Moreover, even if the BOCC could be liable for the Sheriff's actions in terminating her employment, Plaintiff's allegations of an unconstitutional custom, policy or practice of the County are conclusory and insufficient to state a claim under *Twombly* and *Iqbal* as described in Section II below.

## II. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

### *Monell*

Plaintiff's entire analysis of her *Monell* claim is comprised of a set of string cites at page 2 of her Response. Plaintiff ignores the arguments set forth at pages 6 and 7 of the BOCC's Motion to Dismiss relating to: a) her obligation to at a minimum plead sufficient facts to identify the unconstitutional custom or policy that was promulgated and the means by which that custom or policy caused the constitutional violation, b) her conclusory allegations of an unconstitutional custom or policy and her failure to identify in her Amended Complaint the specific unconstitutional custom, policy or practice promulgated by the BOCC and c) her failure to allege the requisite causal link between the BOCC's actions/policies and the constitutional deprivations. In sum, Plaintiff's conclusory allegations with respect to her *Monell* claim against the BOCC are insufficient to state a claim under *Twombly* and *Iqbal*.

### **The right to intimate association**

In her Response, Plaintiff cites a host of cases in support of her argument that that her "intimate, dating" relationship with Joe Isenbart is entitled to constitutional protection. Not a single case cited by Plaintiff at pages 4, 5 and 6 of her Response, however, involves allegations

and facts related to an adulterous relationship. Moreover, Plaintiff's reliance on *Seegmiller v. LaVerkin City*, 528 F.3d 762, 771 (10th Cir. 2008) in support of her argument that a "brief extramarital sexual relationship" is entitled to some form of constitutional protection is clearly misplaced because the *Seegmiller* Court found that the plaintiff had not demonstrated she possessed a "fundamental right that was infringed by the government…" Moreover, even if *Seegmiller* stood for the proposition that Plaintiff claims, it would nevertheless be inapplicable because Plaintiff carried on an adulterous relationship with Mr. Isenbart for well over 18 months. (Amended Complaint, ¶¶ 12, 25).

Plaintiff makes the self serving point that her Amended Complaint does not allege that she engaged in an adulterous or bigamous relationship. (Response, p. 7). While Plaintiff is correct that she does not expressly allege such a relationship with Mr. Isenbart, a cursory reading of the Amended Complaint indisputably reveals that Plaintiff's relationship with Mr. Isenbart was adulterous and later bigamous during 2009 and 2010. (Amended Complaint, ¶¶ 12, 14). The fact that Plaintiff's Amended Complaint is "silent with respect to adultery, bigamy, or the date on which Ms. Korbelik's divorce was final" (Response, p. 7) does not serve as a reason to deny the BOCC's Motion to Dismiss. Indeed, Plaintiff's failure to specifically allege the date her divorce from Mr. Korbelik was finalized is fatal to her intimate association claim because such a claim is not plausible on its face without same.

Plaintiff attempts to refute the bigamous nature of her living arrangement with Mr. Isenbart by claiming that her Amended Complaint does not allege that she and Mr. Isenbart "held themselves out as married prior to her divorce from William Korbelik." (Response, p. 7, n. 10). Plaintiff's claim in this regard is disingenuous because she expressly alleges that by living with

Mr. Isenbart, she and Mr. Isenbart "intended to create a familial relationship." (Amended Complaint, ¶ 14). Plaintiff also attempts to refute the criminal nature of her adulterous relationship with Mr. Isenbart by claiming that adultery in Colorado is not a criminal offense in Colorado. (Response, p. 7, n. 10). Plaintiff's claim in this regard is disingenuous because the statute prohibiting adultery, C.R.S. § 18-6-501, is within the criminal code and has not been repealed. Moreover, the statute has served as a basis for a criminal prosecution in the State of Colorado. See *People v. Bright*, 238 P. 71 (1925).

In response to the BOCC's argument that there is wide agreement among courts that off-duty sexual activities are not protected when they violate a statute (Motion to Dismiss, p. 9), Plaintiff distinguishes *Kukla v. Vill. of Antioch*, 647 F. Supp. 799 (N.D. Ill. 1986) from the facts set forth in her Amended Complaint. Even if *Kukla* is distinguishable in some respect, Plaintiff fails to address the other cases cited by the BOCC in its Motion to Dismiss. Plaintiff's failure in this regard is significant because these cases fully support the BOCC's position that Plaintiff's off duty sexual activities with Mr. Isenbart are not protected because they violated Colorado's adultery and bigamy statutes.

Plaintiff argues that if the BOCC's position "were the law, no marriage short of an arranged marriage would be constitutionally protected, as virtually any marriage starts our as some unprotected relationship (friendship, work association, social acquaintance, etc." (Response, p. 7, n. 11). Plaintiff's spurious argument demonstrates a failure to appreciate the facts she alleges in her Amended Complaint and the BOCC's legal arguments relative to those facts. Plaintiff's position that her "intimate, dating" relationship with Mr. Isenbart was worthy of some constitutional protection might have some colorable basis had she not been married when

7

she began her relationship with Mr. Isenbart. However, it is beyond dispute that the allegations in Plaintiff's Amended Complaint demonstrate that she was in fact married to Mr. Korbelik when she began her "intimate, dating" relationship with Mr. Isenbart. Thus, this relationship from its outset is not entitled to any constitutional protection.

**Interference with Plaintiff's relationship with Mr. Isenbart**

In its Motion to Dismiss, the BOCC established that it cannot be liable for interfering in Plaintiff's relationship with Mr. Isenbart because it was not Plaintiff's employer. (Motion to Dismiss, p. 10). The BOCC further established that even if it could be liable for the alleged interference, Plaintiff has not alleged a willfulness or intent on the part of the BOCC to interfere with same.  As set forth in the Motion to Dismiss, Plaintiff's conclusory allegation, which fails to differentiate among the "Defendants," that they "intended to interfere with her relationship with Joe Isenbart" is insufficient to state a claim under *Twombly* and *Iqbal*.  Moreover, any intent of Defendant Ridnour and Furrow cannot be imputed to the BOCC because the Kit Carson County Sheriff is a separate, independently elected constitutional officer from the BOCC. Plaintiff fails to address any of these arguments in her Response. As such, Plaintiff has effectively conceded that her Fourteenth Amendment and Section 1983 claim against the BOCC fails to state a claim that is plausible on its face.

**III.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER C.R.S.A § 24-34-402.5.**

Plaintiff's claim under C.R.S.A. § 24-304-402.5 fails as a matter of law because the allegations in her Amended Complaint unequivocally demonstrate that her "intimate, dating" with Mr. Isenbart was adulterous and bigamous and therefore violative of two Colorado statutes. Thus, Plaintiff's contention that her relationship with Mr. Isenbart was lawful (Response, p. 10)

8

is meritless and should be rejected. Because Plaintiff did not engage in any lawful activity during the relevant time period, the BOCC cannot be liable under C.R.S.A. § 24-34-402.5.

## CONCLUSION

For the reasons described above and in the Motion to Dismiss, Plaintiff has failed to state claims against the BOCC under either of the theories she asserts. Accordingly, Plaintiff's Amended Complaint against the BOCC should be dismissed in its entirety with prejudice.

Dated this 15th day of March, 2012.

                                            Respectfully submitted,

                                            *S/ William T. O'Connell, III*
                                            Cathy Havener Greer
                                            William T. O'Connell, III
                                            Wells, Anderson & Race, LLC
                                            1700 Broadway, Suite 1020
                                            Denver, CO 80290
                                            Telephone: (303) 830-1212
                                            E-mail:cgreer@warllc.com; woconnell@warllc.com

                                            **ATTORNEYS FOR DEFENDANT**
                                            **BOARD OF COUNTY COMMISSIONERS**
                                            **OF KIT CARSON COUNTY**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 15, 2012, a true and correct copy of the above and foregoing **DEFENDANT BOARD OF COUNTY COMMISSIONERS OF KIT CARSON COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

John A. Culver, Esq.
Seth J. Benezra, Esq.
Sarah J. Parady, Esq.
Email: jaculver@bc-law.com
Email: sjbenezra@bc-law.com
Email: sjparady@bc-law.com
***Attorneys for Plaintiff***

Josh A. Marks, Esq.
Katherine M.L. Pratt, Esq.
Email: jam@bhgrlaw
Email: kmlp@bhgrlaw.com
***Attorneys for Defendant Ridnour***

J. Andrew Nathan, Esq.
Marni Nathan Kloster, Esq.
Email: ananthan@nbdmlaw.com
Email: mnanthan@nbdmlaw.com
***Attorneys for Defendant Furrow***

Steven M. Gutierrez, Esq.
Joseph Neguse, Esq.
Email: SGutierrez@hollandhart.com
Email: JNeguse@hollandhart.com
***Attorneys for Defendant Korbelik***

      *S/ Barbara McCall*
      Barbara McCall
      Email: bmccall@warllc.com