IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  11-cv-03240-LTB-BNB

TONYA ISENBART,

   Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF KIT CARSON COUNTY,
  a body corporate and politic,
TOM RIDNOUR, in his individual capacity,
ROBERT FURROW, in his individual capacity, and
WILLIAM KORBELIK, a private citizen,

   Defendants.

_____

ORDER
_____

   This matter is before me on a Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e), filed by Plaintiff Tonya Isenbart, in which she asks that I amend my Order [Doc # 36, dated September 25, 2012] dismissing her claims against Defendants, in to allow her time to amend her complaint. [**Doc # 38**]  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I DENY the motion.

## I. Underlying Facts

   The following are the underlying facts as alleged by Plaintiff.  Plaintiff was employed, starting in September 2007, as the Victim Advocate Program Director for Defendant Kit Carson County.  She reported to Kit Carson County Sheriff, Ed Raps.  In March of 2009, Plaintiff informed her then-husband, Defendant William Korbelik, that she intended to seek a divorce. Soon thereafter, she began dating Joe Isenbart – who was, at the time, the Undersheriff of Kit

Carson County – and informed Sheriff Raps of their relationship.  In October of 2009, Plaintiff and Joe Isenbart moved in together and "intended to create a familial relationship."

Plaintiff alleges that sometime in 2010, Defendant Korbelik "persuaded [Defendant] Tom Ridnour to run against Sheriff Raps in the August 2010 Republican primary election" and in so doing convinced Defendant Ridnour that, if elected, he should terminate Plaintiff and Mr. Isenbart.  Defendant Ridnour ultimately won the election for Sheriff of Kit Carson County.  In mid-November Mr. Isenbart asked Defendant Ridnour whether he would have a job when Ridnour became the Sheriff, and he responded that either Mr. Isenbart or Plaintiff would "have to go."  As a result, Mr. Isenbart tendered his resignation as Undersheriff.

Defendant Ridnour then became Sheriff of Kit Carson County on January 12, 2011, and appointed Defendant Robert Furrow to the position of Undersheriff.  Three days later, on January 15, 2011, Plaintiff "provided the County with a document informing it that [she] and Joe Isenbart considered themselves married" as of that date.

On March 3, 2011, Defendant Undersheriff Furrow informed Plaintiff that he had decided to terminate her.  Plaintiff appealed the decision to Defendant Sheriff Ridnour, who upheld her termination.  Plaintiff asserts that the purported grounds for her termination were pretextual, and that her termination was in fact improperly motivated by her relationship with Mr. Isenbart.

In her Amended Complaint [Doc #7], Plaintiff asserted a federal claim for Violation of Substantive Due Process pursuant to 42 U.S.C. §1983 ("§1983").  Specifically, Plaintiff asserted that by entering into an "intimate dating, marital, and familial relationship" with Mr. Isenbart, Plaintiff  "created a relationship protected as a fundamental right or liberty interest under the substantive due process clause" of the Fourteenth Amendment.  And, "by subjecting Plaintiff  to

unjustified discipline and termination, Defendants intended to interfere with her [protected] relationship with [Mr.] Isenbart."  She further asserted that Defendants' decision to discipline and terminate her "was motivated by her exercise of the fundamental right to intimate association" and that "no compelling governmental interest was present to justify the discipline and discharge of Plaintiff because of her intimate relationships."   In addition, Plaintiff also asserted state law claims for:  Intentional Interference with Contract; Intentional Interference with Prospective Business Advantage; Civil Conspiracy; and Violation of Lawful Off-Duty Activity State (Colo. Rev. State § 24-34-402.5).

Defendants filed motions seeking to dismiss Plaintiff's claims.  In ruling on the motions, I dismissed the §1983 claim against Defendants Ridnour and Furrow on the basis that they were entitled to qualified immunity because the right alleged to have been violated was not clearly established.  I also dismissed Plaintiff's §1983 claim against Defendant Board of County Commissioners of Elbert County (the "BOCC") because Plaintiff failed to state a plausible claim against it for damages related to the termination of her employment under §1983.  Finally, because Plaintiff's federal claim under §1983 was dismissed, I ruled that her state law claims against all Defendants – including Defendant Korbelik – were no longer supplemental to any federal question, and I declined to exercise jurisdiction over Plaintiff's remaining state claims. As such, I dismissed with prejudice Plaintiff's §1983 claim (against Defendants Ridnour, Furrow and the BOCC) and I dismissed without prejudice Plaintiff's state law claims (against Defendants Ridnour, Furrow, the BOCC, and Defendant Korbelik). [Doc # 36]  Final judgment subsequently entered on September 28, 2012. [Doc # 37]

Plaintiff then filed this motion asking that I alter or amend my order of dismissal to allow her to amend her complaint before dismissal or, in the alternative, to dismiss her federal claim without prejudice.

## II. Law

Plaintiff seeks relief pursuant to Fed. R. Civ. P. 59(e), which is entitled "Motion to Alter or Amend a Judgment" and provides only that such motion "must be filed no later than 28 days after the entry of the judgment."  A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997).  Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

## III. Analysis

In her motion, Plaintiff argues that her §1983 claim for violation of substantive due process, raised against Defendants Ridnour and Furrow, was dismissed "due to a pleading deficiency" which would be "easily cured by amending her complaint."  Specifically, she asserts that in my order I determined that her allegation that she "provided the County with a document informing it that [Plaintiff] and Joe Isenbart considered themselves married as of January 15, 2011" was insufficient to support the existence of a marital relationship between them as of that date, because Plaintiff did not also include an allegation specifying "the timing of the dissolution of her marriage to Defendant Korbelik."  Because Plaintiff's marriage to Defendant Korbelik had, in fact, ended in divorce prior to January 15, 2011, she maintains that she can amend her

complaint and, as a result, she can sufficiently pled a common law marriage to Mr. Isenbart.

Additionally, Plaintiff argues that her §1983 claim raised against Defendant BOCC was dismissed

because it should have been brought against the Sheriff in his Official Capacity which, again,

could be revived by amending her complaint.

In their joint response, Defendants Ridnour and Furrow assert that relief under Rule 59(e)

is not available to Plaintiff because there has been no change in the law, there is no new evidence

that was previously unavailable, and there is no "manifest injustice" to be remedied.  In addition,

they argue that even if Plaintiff was allowed to amend her complaint, it would not change the

outcome of my prior ruling.  In his response, Defendant Korbelik likewise contends that Plaintiff

has not raised any new legal grounds in support of her §1983 claim, and instead simply cites

factual information that was readily available when she filed her complaint.  He also argues that

even if such evidence constituted sufficient grounds for reconsideration, her proposed amendment

would still prove futile in light of the my previous order.  I agree with Defendants.

As an initial matter, I note Plaintiff's argument that relief is warranted in this case because

she had no notice of the pleading deficiency – her failure to specifically plead that she was

divorced from Defendant Korbelik at the time she asserted a common law marriage with Mr.

Isenbart – because none of the Defendants argued as such.  Therefore, Plaintiff argues that her

case should not have been dismissed without an opportunity to amend after receiving such notice.

*See generally Harris v. Denver Health Medical Center*, 2012 WL 1676590 (D. Colo. 2012)

(unpublished)("in this jurisdiction, the Court typically does not dismiss a claim under Rule

12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to

cure the defective allegations")(*citing Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991)).

Plaintiff argues that dismissal without such an opportunity to amend constitutes either manifest injustice, or a case in which the court has misapprehended the facts, and, as such, is subject to relief pursuant to Rule 59(e).  *See Servants of Paraclete v. Does, supra,* 204 F.3d at 1012 (setting forth the grounds for relief under Rule 59(e)).

However, I agree with Defendants that even if I allowed Plaintiff to amend her complaint – in order to allege that her marriage to Defendant Korbelik was dissolved before January 15, 2011, when she informed Elbert County that she and Mr. Isenbart considered themselves married – such amendment would not alter the outcome of my ruling on her §1983 claim.  In my order, I ruled that Defendants Ridnour and Furrow were entitled to qualified immunity – under the second prong of the qualified immunity analysis – because the constitutional right Plaintiff alleged was violated was, at the time of the incident, not clearly established.  In so doing, I first determined that because Plaintiff failed to allege that she was no longer married to Defendant Korbelik at the time she asserted that she and Mr. Isenbart considered themselves married, her complaint was insufficient to support a martial relationship.

However, I further determined that the complaint clearly indicates that at the time the decision was made to terminate Plaintiff based on her relationship with Mr. Isenbart – "sometime in 2010" – they were either only dating or were living together with the intent "to create a familial relationship."  As such, the question was whether such relationship was one that was clearly established by the law as protected by substantive due process.  I found that it was not.  Specifically, I ruled that the right claimed to have been violated here – an intimate association liberty interest based on a romantic, non-marital, co-habitating relationship – was not considered "clearly established" as there was no Supreme Court or Tenth Circuit case law on point, and

6

Plaintiff had not demonstrated a consensus of cases of persuasive authority. [Doc #36]

Therefore, even if Plaintiff was allowed to amend her complaint to allege a martial relationship between herself and Mr. Isenbart in January of 2011, her complaint clearly asserts that the decision to terminate her based upon that relationship occurred sometime in 2010 when they were either only dating or were living together with the intent to create a familial relationship. Thus, Plaintiff's proposed amendment to her complaint does not change the nature of her relationship in 2010, when the decision to terminate her employment was allegedly made by Defendants Ridnour and Furrow. I would continue to find that such relationship was not the basis of a clearly established right, entitling Defendants Ridnour and Furrow to qualified immunity and dismissal of Plaintiff's §1983 claim against them. As a result, Plaintiff's proposed amendment to her complaint is futile, and her Rule 59(e) motion based on such amendment should be denied. *See Armijo v. Browning,* 2012 WL 2602018 (D.Colo. 2012)(denying a Rule 59(e) motion when movant "fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action because the proposed amendment would be futile"); *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 231 (3rd Cir. 2011)(ruling that "[f]utility is a basis on which to deny a Rule 59(e) motion, accompanied by a [motion to amend when] the complaint, as amended, would fail to state a claim upon which relief could be granted")(citations omitted).

ACCORDINGLY, for the foregoing reasons, I DENY Plaintiff Isenbart's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) [**Doc # 38**].

Dated: April ___24___, 2013 in Denver, Colorado.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE

8